Timothy HAFER, Petitioner,

v.

UNITED STATES DEPARTMENT OF LABOR ADMINISTRATIVE REVIEW BOARD; et al., Respondents.

No. 06–72817.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2008.

Filed May 9, 2008.

Linda Fessler, Los Angeles, CA, for Petitioner.

Christopher B. Wilkinson, U.S. Department of Labor, Office of the Solicitor, John C. Fish, Jr., Esq., Littler Mendelson, PC, San Francisco, CA, Joseph M. Woodward, Esq., Janet R. Dunlop, Esq., Steven J. Mandel, Esq., Paul L. Frieden, Esq., Eugene Scalia, Esq., Barbara Eby Racine, U.S. Department of Labor, Office of the Solicitor, Jeffrey Bossert Clark, Thomas M. Kellenberg, Kirkland & Ellis LLP, Washington, DC, for Respondents.

Before: PREGERSON and WARDLAW, Circuit Judges, and LEIGHTON *, District Judge.

* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

## MEMORANDUM **

Timothy Hafer ("Hafer") challenges the decision of the U.S. Department of Labor Administrative Review Board ("Board"). The Board dismissed Hafer's "whistleblower" protection complaint against United Airlines ("United") after a district court issued an order confirming United's reorganization plan under Chapter 11 of the United States Bankruptcy Code ("Confirmation Order"). We review the Board's decision de novo, Am. Fed'n of Gov't Employees v. Fed. Labor Relations Auth., 204 F.3d 1272, 1275 (9th Cir.2000), and we affirm.

An OSHA investigator determined that Hafer's complaint, filed against United under 49 U.S.C. § 42121(a) of the Wendell H. Ford Aviation Investment and Reform Act for the 21 st Century ("AIR 21"), was meritless. An Administrative Law Judge later dismissed Hafer's appeal of the Occupational Safety and Health Administration ("OSHA") investigator's determination. Hafer appealed to the Board. In 2002, the Board stayed Hafer's claim pursuant to United's voluntary petition for bankruptcy. In 2006, after the bankruptcy judge confirmed United's reorganization plan, the Board dismissed Hafer's pending appeal because the claim had been discharged in the bankruptcy proceedings.

The Board properly dismissed Hafer's appeal. The Board's decision is compelled by the terms of the Confirmation Order which enjoins the continuation of any claims against United. The decision is also consistent with the discharge provisions contained within the bankruptcy code. See 11 U.S.C. § 1141(d)(1)(A) ("[T]he confirmation of a plan ... discharges the debtor from any debt that

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

arose before the date of such confirmation ...."); 944(b)(1) ("[T]he debtor is discharged from all debts as of the time when ... the plan is confirmed ...."); 524(a)(2) ("A discharge ... operates as an injunction against the commencement or continuation of an action...."); *In re Orange Tree Assocs.*, 961 F.2d 1445, 1448 (9th Cir.1992).

Hafer's claim does not fall under any of the statutory exceptions to discharge and we reject his request that we judicially create a separate and unique exception to cover AIR 21 claims. *See* 11 U.S.C. § 523(a) (listing nineteen exceptions to discharge available for individual debtors); 1141(d)(6) (listing two exceptions to discharge that apply to corporate debtors, both relating to fraud); *FCC v. NextWave Pers. Commc'n, Inc.*, 537 U.S. 293, 302, 123 S.Ct. 832, 154 L.Ed.2d 863 (2003) ("[W]here Congress has intended to provide regulatory exceptions to provisions of the Bankruptcy Code, it has done so clearly and expressly....").

Though we recognize that the policy underpinning AIR 21 is laudable, Congress crafted the discharge provision, along with the rest of the bankruptcy code, to provide debtors a "fresh start." *See Cent. Va. Cmty. Coll. v. Katz*, 546 U.S. 356, 364, 126 S.Ct. 990, 163 L.Ed.2d 945 (2006). The plain language of the Confirmation Order and the bankruptcy code foreclose our adoption of Hafer's arguments.

Because we hold that the Board properly dismissed Hafer's claims, we need not respond to Hafer's contention that the Board erred when it initially stayed Hafer's appeal. We note, however, that after he became aware of United's bankruptcy petition, Hafer failed to avail himself of multiple opportunities to revive his claim. He could have filed a motion for relief from the automatic stay in the bankruptcy court, Fed. R. Bankr.P. 9014(a); 4001(a)(1), but did not. Further, he could have filed an interlocutory appeal from the Board's initial stay determination, 49 U.S.C. § 42121(b)(4)(A), but did not exercise that option either.

No court has held that a claim such as this one—brought by a private party for compensatory damages and equitable relief, and dismissed by the agency as meritless—falls within the statutory exception for stays brought "by [a] governmental unit to enforce [its] ... police or regulatory power." 11 U.S.C. § 362(b)(4). We decline the opportunity to do so here.

**AFFIRMED.**